

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RH:MH:DEW
F.#2003R03000

*One Pierrepont Plaza*
*Brooklyn, New York  11201*

Mailing Address:  *147 Pierrepont Street*
*Brooklyn, New York  11201*

March 1, 2006

VIA ECF AND FACSIMILE

The Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

>   Re:  United States v. Stephen Caracappa, et al.
>        Criminal Docket No. 05-192 (JBW)

Dear Judge Weinstein:

The government writes to raise one area of concern regarding the jury questionnaire.

The government moved for an anonymous and escorted jury on December 23, 2005.  On January 31, 2006, the Court denied the motion, ordering, inter alia, that "Jurors will put their names and addresses on their voir dire questionnaires because revealing ethnicity and location of residence may be important in the selection process."  (January 31, 2006 Order at 5).  Included in the jury questionnaire is requests for the potential jurors business addresses and telephone numbers as well.

The government respectfully requests that the order be modified to allow jurors to provide only their neighborhood or town name, rather than their actual home and business street addresses and telephone numbers.

As an initial matter, in most trials in this district, the parties merely receive a list that contains the jurors' names and town of residence.  No further information is listed, and certainly, no specific contact information is provided to the parties.  Providing such information to the parties in this case is unnecessary because the information the Court wishes the parties to have—the ethnicity and location of residence—can be ascertained from each juror's name and neighborhood or town of residence.  Asking jurors to provide the parties with specific

Hon. Jack B. Weinstein
March 1, 2006
Page 2

contact information is an overly broad means of identifying their ethnicity and location of residence.

Moreover, the instruction at the top of page 2 of the proposed jury questionnaire states, "THE ANSWERS TO THE QUESTIONS ON THIS PAGE WILL BE DISCLOSED ONLY TO THE APPROPRIATE COURT PERSONNEL AS DIRECTED BY THE PRESIDING JUDGE." (Proposed Jury Questionnaire at 2).  This heading erroneously indicates to the jurors that only the "court personnel," such as the clerk's office, will receive this information.  Were the jurors to know that the parties will receive their addresses and telephone numbers, they may resist providing it.  Certainly, it would be natural for a juror to be reticent about providing such contact information to the parties.

Finally, as outlined in the government's December 23 motion, based on the charges and the past conduct of the defendants, the government is concerned about jury tampering. While this concern may not warrant an anonymous jury, it certainly militates against requiring jurors to provide their detailed contact information.

Therefore, the government respectfully requests that the Court modify its January 31, 2006 order to require potential jurors to provide only their name and neighborhood or town of residence instead of detailed contact information.

                                          Respectfully submitted,

                                          ROSLYNN R. MAUSKOPF
                                          United States Attorney

                          By:   _____
                                          Robert W. Henoch
                                          Mitra Hormozi
                                          Daniel E. Wenner
                                          Assistant U.S. Attorneys

cc: Defense Counsel
    Clerk of the Court (JBW)