UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                            Plaintiff,

      -against-                                Docket No. 05 CR 192 (S-3)(JBW)

LOUIS EPPOLITO, and
STEPHEN CARACAPPA,

                            Defendants.
------------------------------------------------------------------X

### MEMORANDUM OF LAW ON BEHALF OF
### LOUIS EPPOLITO and STEPHEN CARACAPPA
### REQUESTING DISMISSAL OF THE INDICTMENT ON THE BASIS OF
### PROSECUTORIAL MISCONDUCT CONCERNING BRADY VIOLATIONS OR IN
### THE ALTERNATIVE A MISTRIAL; OR A CONTINUANCE TO CALL
### ANTHONY CASSO AS A WITNESS FOR THE DEFENDANTS.

### PRELIMINARY STATEMENT

       This memorandum of law is respectfully submitted on behalf of defendants Louis Eppolito and Stephen Caracappa in support of their request for an Order granting dismissal of the indictment on the grounds that the government had in its possession exculpatory material from Anthony Casso which it did not disclose to the defense; or a mistrial as a result of the Brady violations; or in the alternative, a brief continuance and a *writ ad testificandum* for Anthony Casso to testify as a witness for the defense. For the reasons set forth below, it is respectfully submitted that this motion should be granted in its entirety.

**A.     The Defense Requested the Entire Government file of
Anthony Casso One Month Before the Trial Commenced.**

On February 4, 2006 the defense filed a motion to compel discovery which included a specific request for the entire government file of Anthony Casso pursuant to Fed. R. Evid. 801(d)(2)(E), *Kyles v. Whitley*, 514 U.S. 419, 115 S. Ct. 1555 (1995); *United States v. Bagley*, 473 U.S. 667 (1985); and *Brady v. Maryland*, 373 U.S. 83, (1963). This request included disclosure of impeachment as well as exculpatory evidence.

In *Brady*, the Supreme Court required disclosure of evidence that is favorable to the accused and "material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The *Brady* rule is based on the requirement of due process. "Its purpose is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur." *United States v. Bagley*, 473 U.S. at 765.

As the defense set forth in our motion last month, Casso was a key unsworn witness for the prosecution whose alleged statements were introduced at trial through the testimony of Burton Kaplan and Alphonse D'Arco. The defense learned today that the government did not disclose exculpatory letters from Mr. Casso which were sent to the government prior to and during this trial. The government only disclosed selected "numerous 302 reports pertaining to Anthony Casso..."(Ex. A) Those reports were limited to certain 302s written by FBI agents during his debriefings by law enforcement officers and prosecutors in 1994.

### B. The Indictment Should be Dismissed or in the alternative a Mistrial Should be Granted

The defense learned today that Mr. Casso had provided information which exculpated Mr. Eppolito and Mr. Caracappa from all the charges in this indictment. Two letters written by Mr. Casso were turned over to the defense today. The first was written on July 10, 2005 and sent to the United States Attorney for the Eastern District and the second letter was written on March 4, 2006 and sent to the government. Both letters contain exculpatory information from Mr. Casso. In the March 4th, letter he stated that Mr. Eppolito and Mr. Carracappa have never supplied confidential information to the Lucheses; did not abduct James Hydell; did not kill Israel Greenwald and did not kill Eddie Lino. He described the people who killed these men. Moreover, during a telephone call with Anthony Casso today he told the defense that he had meetings in approximately 1997 with Assistant United States Attorneys and FBI agents at which he told them of exculpatory information about Mr. Eppolito and Mr. Carracappa. He said that AUSAs George Stamboulidis and Andrew Weissman as well as two FBI agents conducted the interview and that they took notes about his statements.

If Mr. Casso's entire file was provided to the defense as requested prior to trial, instead of only the inculpatory 1994 302s, then the defense would have conducted the trial differently. The defense would have been able to assimilate this information into trial preparation and could have conducted certain cross examinations differently and prepared to call certain witnesses to testify based upon a timely and thorough investigation of the newly discovered *Brady* information. The statements by Casso naming others as having committed the murders charged in this indictment, would have at the very least provided a good faith basis for certain questioning

3

on cross examination of most of the government witnesses.

The Second Circuit has determined *Brady* to be violated when disclosure is too late or cumbersome to enable effective use of the information. In *Leka v. Portuondo*, 257 F.3d 89 (2d Cir. 2001), the Second Circuit found the state violated its *Brady* obligations in a murder prosecution by delaying disclosure of exculpatory eyewitness evidence from an off-duty police officer which contradicted two eyewitnesses at trial. The witness was identified to the defense nine days before trial (and twenty-three days before the defense case began), resulting in a hasty investigation by the defense which proved unsuccessful. Moreover, the delayed timing prevented effective assimilation of the evidence into the defense case.

> When such a disclosure is first made on the eve of trial, or when trial is under way, the opportunity to use it may be impaired. The defense may be unable to divert resources from other initiatives and obligations that are or may seem more pressing. And the defense may be unable to assimilate the information into its case.
> . . . [N]ew witnesses or developments tend to throw existing strategies and preparation into disarray.

*Id.* at 101. For these reasons, the Second Circuit found that the state had suppressed exculpatory *Brady* material and reversed the conviction. *See id.* at 101.

Here, the exculpatory information has been turned over the day before the prosecution rests. The Second Circuit's reasoning cogently applies to the instant case as a result of the belated disclosure of this Brady information. This information is crucial to the defense and certainly has the potential to alter the jury's assessment of the credibility of the prosecution witnesses. *United States v. Avellino,* 136 F.3d 249, 255 (2d Cir.1998). Instead the non-disclosure of previously requested information has prejudiced the defense at this late stage in the trial and has denied the defendants due process. Accordingly, the defense respectfully requests that the

indictment be dismissed or that in the alternative a mistrial be granted.

**A.** **In the alternative a brief continuance should be granted to permit Mr. Casso to be called to testify at trial and to provide time in which the defense can determine whether to recall any government witness .**

The defense respectfully requests a brief continuance of the trial in order to prepare to call Mr. Casso to testify at trial. The defense renews our request for the entire government file concerning Anthony Casso, or, in the alternative, any and all information from Anthony Casso regarding the charges in the indictment and the witnesses who have testified for the government. This includes internal government memorandum, letters, reports and handwritten notes as well as statements by Mr. Casso. Counsel also requests tape recordings of all prison telephone calls by Mr. Casso and Mr. Kaplan concerning this case. In addition it is requested that a *writ ad testificandum* be ordered to produce Mr. Casso to testify at trial.

In addition, counsel request a brief continuance to afford the defense time in which to determine whether to recall any of the prosecution witnesses.

5

## CONCLUSION

For all of these reasons, it is respectfully requested that Mr. Eppolito's and Mr. Caracappa's motion be granted and the indictment dismissed or in the alternative a mistrial should be granted.

Dated: New York, New York
      March 30, 2006

                                      Respectfully submitted,

                                      _____
                                      BRUCE CUTLER
                                      BETTINA SCHEIN
                                      260 Madison Avenue
                                      New York, New York 10016
                                      (212) 679-6669
                                      (212) 679-6605
                                      *Attorneys for Louis Eppolito*

                                      _____
                                      EDWARD W. HAYES
                                      RAE DOWNES KOSHETZ
                                      515 Madison Avenue
                                      New York, New York
                                      (212) 644-0303
                                      *Attorneys for Stephen Caracappa*

Bettina Schein, on the Memorandum

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

F#2003R0300
RWH:MH:DEW

*195 Montague Street*
*Brooklyn, New York 11201*

*Mailing Address:* *147 Pierrepont Street*
*Brooklyn, New York 11201*

February 24, 2006

**By U.S. mail and ECF**

Mr. Bruce Cutler, Esq. and Ms. Bettina Schein, Esq.
260 Madison Avenue
20th Floor,
New York, NY 10016

Mr. Edward Hayes, Esq and Ms. Rae Koshetz, Esq.
515 Madison Avenue 30th floor
NY, NY 10022

    Re: United States v. Caracappa and Eppolito
       Criminal Docket No. 05-0192 (JBW)

Dear Counsel:

  The government encloses numerous 302 reports pertaining to Anthony Casso and an accompanying order from Senior District Court Judge Weinstein.

           Very truly yours,

           ROSLYNN R. MAUSKOPF
           United States Attorney
           Eastern District of New York

      By: _____
         Robert W. Henoch
         Mitra Hormozi
         Daniel E. Wenner
         Assistant U. S. Attorneys

cc: Clerk of Court (JBW)
   (w/o enclosures)