

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MF:RH:MH:DEW
F.#2003R03000

*One Pierrepont Plaza*
*Brooklyn, New York  11201*

*Mailing Address:*  147 Pierrepont Street
Brooklyn, New York  11201

April 2, 2006

The Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

> Re:  United States v. Stephen Caracappa, et al.
>      Criminal Docket No. 05-192 (JBW)

Dear Judge Weinstein:

The government writes to object to defense counsel admitting into evidence the letters of Anthony Casso or the transcript of his conversation with defense counsel through Investigator Joel Campanella.  The Court was willing and the Bureau of Prisons agreed to make Anthony Casso available to testify for the defense by Tuesday.  Mr. Hayes stated to the Court that he did not wish to call Casso as a defense witness. In a telephone conversation today, Mr. Hayes indicated that he would attempt to introduce into evidence through Investigator Campanella hearsay statements of Casso, notably, the July 2005 and the March 2006 letters as well as the transcripts of Casso's interview with defense counsel on Thursday, March 30, 2006.  The Court should preclude this blatant attempt by defense counsel to side-step the hearsay rules by refusing the opportunity to call Casso as a witness while still hoping to elicit favorable hearsay statements made by him.  If Mr. Hayes wishes to elicit testimony from Anthony Casso, he should call him.

Further, Investigator Campanella is not a competent witness to testify about the statements made by Anthony Casso. See Fed. R. Evid. 602.  Certainly, any testimony Investigator Campanella would give on the subject would not come from personal knowledge but rather his understanding of the content of the letters as told to him by others.

Hon. Jack B. Weinstein
April 2, 2006
Page 2

Should the Court permit such examination by Mr. Hayes, the government will elicit from Investigator Campanella testimony about the dozens of reports in which Mr. Casso implicates the defendants in murders, kidnaping, obstruction of justice and bribery. The government will also question Mr. Campanella about the reasons that Mr. Casso was breached and the events that led Mr. Casso to write his most recent letters.

Mr. Hayes also noted today that he intended on questioning Investigator Campanella about Alphonse D'Arco's FBI reports. Again, Investigator Campanella is not a competent witness to testify as to those reports. Campanella was not present for any interviews of Alphonse D'Arco and he has no personal knowledge about those interviews. The Court allowed Mr. Hayes to seek to recall any witnesses he wished on Friday and Mr. Hayes did not indicate that he wanted D'Arco recalled. He should not now be allowed to try to elicit hearsay statements about D'Arco from Investigator Campanella.

Further, Mr. Hayes has suggested that he will, through cross-examination of Campanella, seek to implicate Lindley DeVecchio as being Mr. Casso's law enforcement source. The government respectfully requests that the Court preclude counsel from pursuing such a line of questioning unless counsel can proffer a good faith basis for asking those questions.

Although the Constitution guarantees the right to confront adverse witnesses, it does not require that a defendant be allowed to ask any question he wants. Rather, the Constitution allows "wide latitude" to a trial judge to impose limits on cross-examination, among other things to preclude "interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). One of the traditional rules of evidence enforced by judges under this grant of authority permits cross-examination only where the examiner has a good faith basis for asking a question. See United States v. Katsougrakis, 715 F.2d 769, 778-79 (2d Cir. 1983). In Katsougrakis, the Second Circuit upheld the trial court's order prohibiting defense counsel from pursuing a line of questioning alleging adverse facts without proof.[1] The court stated that,

---

[1] In that case, the defense counsel had asked a Government witness if he had mentioned in a prior conversation that two persons, whose out of court statements had been admitted as part of the Government's case, had a reputation for being "hit men".

Hon. Jack B. Weinstein
April 2, 2006
Page 3

"Although counsel may explore certain areas of inquiry in a criminal trial without full knowledge of the answer to anticipated questions, he must, when confronted with a demand for an offer of proof, provide some good faith basis for questioning that alleges adverse facts."  Id.  See also United States v. Concepcion, 983 F.2d 369, 392 (2d Cir.1992) (denying cross-examination of a witness alleged to have been involved in a murder because defendant lacked evidence either that murder had occurred or was committed by witness). Finally, the burden of showing the relevance of the excluded cross-examination is on the defendant.  See United States v. Purdy, 144 F.3d 241, 245 (2d Cir.1998).  As the Court here is likely aware, DeVecchio was recently indicted by the Brooklyn District Attorney's Office for his criminal involvement with Gregory Scarpa, a Colombo organized crime family soldier.  There is absolutely no information to suggest that DeVecchio was in any way involved with Anthony Casso.  DeVecchio worked on the Colombo Squad in the FBI and the government is not aware of any information to suggest that DeVecchio knew about or spoke to Anthony Casso during the 1980s or 1990s.

　　　　Accordingly the government respectfully requests that the Court inquire as to the basis for any such questioning and preclude such questioning if there is no good faith basis.  For example, simply because Mr. DeVecchio has been accused of improper conduct with Gregory Scarpa, that does not provide the defense a basis to suggest that DeVecchio was involved with Casso.  Nor does the fact that D'Arco testified that Sal Avellino had an FBI agent on the Luchese family payroll, because D'Arco stated that the agent worked on the Gambino family squad – and DeVecchio was never on the Gambino family squad of the FBI.

---

The Government objected to the question and demanded an offer of proof.  The defense failed to produce any proof, other than to note that a private investigator hired by the defense suspected that the two persons were hit men.  The trial court sustained the Government's objection and prohibited defense counsel from pursuing this line of questioning.  The Second Circuit upheld the ruling, holding that defense counsel failed to show a good faith basis for asking the question.

Hon. Jack B. Weinstein
April 2, 2006
Page 4

If these two facts form the sole basis for counsel's anticipated line of questioning of Campanella, the government requests that the Court preclude cross-examination of Campanella about DeVecchio.

                              Respectfully submitted,

                              ROSLYNN R. MAUSKOPF
                              United States Attorney

                    By:    _____
                              Robert W. Henoch
                              Mitra Hormozi
                              Daniel E. Wenner
                              Assistant U.S. Attorneys

cc: Clerk of the Court (JBW)
    Defense Counsel