**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*One Pierrepont Plaza*
*Brooklyn, New York  11201*

*Mailing Address:*   *147 Pierrepont Street*
*Brooklyn, New York  11201*

April 7, 2006

**By ECF and Fax**
The Honorable Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Steven Caracappa, et al.
     <u>Criminal Docket No. 05-192 (JBW)</u>

Dear Judge Weinstein:

  For the reasons set forth below, the government writes to respectfully request that the Court deny the Press's request for release of the transcript of the telephone conversation between defense counsel and Anthony Casso.

  On March 27, 2006, defense counsel in the above referenced matter requested that the government facilitate a telephone conversation between them and Anthony Casso, a federal prisoner.  The Bureau of Prisons ("BOP") facilitated the call by having Casso call the United States Attorney's Office on Thursday, March 30, 2006.  Telephone calls of prisoners are generally monitored.  Because the government understood that this call was not being recorded by the BOP, the government agreed with the Court's suggestion that the conversation with Casso be transcribed.  Casso asked that the government not be present for his conversation with defense counsel.  The transcript of the conversation between Casso and defense counsel was never entered into evidence and it never became part of the public record.  Further, defense counsel decided not to call Anthony Casso as a witness at trial.

  Although there is a strong presumption in favor of permitting a member of the public to inspect and copy an item entered into evidence at a public session of trial, <u>Press-Enterprise Co. v Superior Court</u>, 478 U.S. 1, 9 (1986), the presumption does not exist for items that were not put into evidence at trial.

As the Court noted in it's Memorandum and Order on the Release of Video Recordings in <u>United States v. Pizzonia</u>, 05 CR 425:

> Every court has supervisory power over its own records and files . . . ." <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 598 (1978). "The existence of the common law right to inspect and copy judicial records," while "beyond dispute" is "not absolute." <u>United States v. Graham</u>, 257 F.3d 143, 149 (2d Cir. 2001)(citations omitted). [A]ccess has been denied where court files might have become a vehicle for improper purposes. <u>Nixon</u>, 435 U.S. at 598(identifying promotion of "public scandal," providing a "reservoir of libelous statements," or serving as a source of confidential business information as "improper purposes").
>
> The strength of the presumption of access varies with the importance of the evidence to judicial decision making. . . . <u>United States v. Amodeo</u>, 71 F.3d 1044, 1049 (2d Cir. 1995). While the right of access to a document that has been introduced at trial, or is otherwise material to a court's disposition of a case on the merits, is strong, <u>United States v. Graham</u>, 257 F.3d at 151, it is "appreciably weaker" for documents that do "not serve as basis for substantive determination . . ." <u>Id</u>.

Here, the telephone transcript of the conversation between Casso and defense counsel was not entered into evidence. Further it did not serve as basis for any substantive determination by the Court. During his conversation with defense counsel, Casso accused two former Assistant United States Attorneys and an FBI agent of misconduct and suborning perjury. There is no basis in fact for any of his allegations. Accordingly, the transcript is a "reservoir of libelous statements" that have no basis in fact and will cause a scandal for the former prosecutors. In short, because the transcript (a) was not the basis for any substantive decision by the Court, (b) is not in the public record and (c) contains libelous statements, release of the transcript to the members of the press should be denied.

Respectfully submitted,

ROSLYNN R. MAUSKOPF

                                            United States Attorney

By: _____
     Robert W. Henoch
     Mitra Hormozi
     Daniel E. Wenner
     Assistant U.S. Attorney

cc:   Defense Counsel
      Clerk of the Court (JBW)