

**POLICE DEPARTMENT**
LEGAL BUREAU
DOCUMENT PRODUCTION UNIT ROOM 110C
ONE POLICE PLAZA
NEW YORK, N.Y. 10038

January 30, 2006

The Hon. Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

Re: <u>U.S. v. CARACAPPA and EPPOLITO</u>, 05 Cr. 192 (JBW)

Dear Judge Weinstein:

I write on behalf of the New York City Police Department (the "NYPD") to respectfully move this Court to quash its January 26, 2006 subpoena (the "Subpoena") (attached as Exhibit A), entered in the above-captioned matter requiring the production of documents to the defendants Stephen Caracappa and Louis Eppolito. Please advise the NYPD of the date and time when its motion may be heard to quash the subpoena.

As detailed below, the Subpoena should be quashed for the following reasons:

The Subpoena exceeds the scope of pre-trial document subpoenas authorized by the Federal Rules of Criminal Procedure (the "FRCP") 17(c). In addition compliance would be unreasonable and oppressive, because the Subpoena; (i) seeks materials other than admissible evidence; (ii) seeks documents from an agent of the government that should be sought from the United States Attorney's Office (the "USAO") through FRCP 16; and (iii) seeks statements excluded from subpoena by FRCP 17(h) and 18 U.S.C. § 3500(a). Police personnel records are protected under New York State Civil Rights Law (the "CRL") § 50-a. The NYPD respectfully requests that the Court acknowledge the laws of this State and the laws of comity.

**Factual Background**

The Subpoena commands the production of 1. The homicide file jacket and contents of the file including but not limited to assignment sheets, all DD5's, NYPD unusual reports, crime scene reports and photographs, ballistic reports and laboratory reports for twelve (12) homicide investigations; 2. NYPD Police Identification cards for the years 1985 and 1986 for Steven Caracappa, Louis Eppolito, Albert Guarneri and Richard Gordon; and 3. Personnel files for Thomas Dades and William Oldham. (Exhibit A) The NYPD is the custodian of the records requested and therefore, has standing to challenge the Subpoena.



The documents subpoenaed by the defendant although enumerated, consist of voluminous investigative files including various different kinds of police paperwork, such as complaint reports, witness statements, complaint follow-up informational reports ("DD-5s") detailing the actions of investigators and statements of witnesses, and records obtained from other parties in the course of these investigations as well as confidential personnel records.

## I. The Subpoena Exceeds the Limits Authorized by FRCP 17(c)

### A. The Subpoena Seeks Documents Other than Admissible Evidence.

The rights of criminal defendants with respect to pre-trial discovery are governed by FRCP 16 and 26.2. Furthermore, FRCP 17, which provides for subpoenas for testimony and documents to be used as evidence *at trial*, was not intended to be used as the equivalent of pre-trial discovery in civil cases. Bowman Dairy Co. v. U.S., 341 U.S. 214, 220 (1951) (distinguishing pre-trial discovery from FRCP 17 subpoenas); U.S. v. Marchisio, 344 F2d 653, 669 (2d Cir. 1965) (to prevent abuse as a pre-trial discovery mechanism, the subpoena must at the time it is issued "meet the tests of relevancy and admissibility").

Although FRCP 17(c) provides for court subpoenaed pre-trial inspection of documents, typically by all parties, that rule is intended only to "expedite the trial by providing a time and place before trial for the inspection" of materials subpoenaed for use at trial. Bowman Dairy, 341 U.S. at 220. To prevent abuse of FRCP 17(c) as a discovery mechanism, subpoenas issued under FRCP 17 seeking pre-trial production are required to meet standards of relevancy, admissibility and specificity; (1) the materials sought must be relevant and admissible as evidence; (2) not otherwise procurable by due diligence; (3) pre-trial production must be needed for trial preparation; and (4) sought in "good faith and [ ] not intended as a general 'fishing expedition.'" U.S. v. Nixon, 418 U.S. 683, 699-700 (1974) (applying test to determine whether subpoena for pre-trial production was proper) (quoting U.S. v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952) (Weinstein, J.)); Bowman Dairy Co., 341 U.S. at 22 (materials sought to be inspected under FRCP 17(c) must be admissible as evidence at trial); see, e.g., Marchiso, 344 F.2d at 669 (materials sought must be relevant and admissible at the time sought for inspection); U.S. v. Louis, No. 04 Cr. 203 (LTS), 2005 U.S. Dist. LEXIS 1087, * 8 (Jan. 27, 2005 S.D.N.Y.) (quashing subpoenas issued to the Port Authority of New York and the Department of Homeland Security under FRCP 16 and 17); U.S. v. Reed, 726 F.2d 570, 577 (9th Cir. 1984) (court properly quashed subpoena for documents which would not have been admissible under the Federal Rules of Evidence); U.S. v. Cuthbertson, 651 F.2d 189, 195 (3d Cir. 1981) (purportedly "exculpatory" materials that were inadmissible hearsay and usable only for impeachment were not subject to discovery under a FRCP 17(c) subpoena); U.S. v. Gross, 24 F.R.D. 138, 141 (S.D.N.Y. 1959) (FRCP 17(c) cannot be used "to obtain leads as to the existence of additional documentary evidence or to seek information relating to defendant's case").

In this case, the documents sought, identified in Exhibit A are too voluminous to list here. Such a subpoena does not specify admissible evidence, since those files could never be admissible or relevant in their entirety. So far as the NYPD can determine, the Subpoena can only be in furtherance of a "fishing expedition," as prohibited under the standards of Nixon. 418 U.S. at 700; Louis, 2005 U.S. Dist LEXIS at *16-17 (quoting Nixon) (subpoenas seeking "any

and all" documents relevant to particular subjects does not meet specificity requirement); U.S. v. Chen De Yian, 94 Cr. 719 (DLC), 1995 U.S. Dist. LEXIS 15317, *6-7 (S.D.N.Y. Oct. 19, 1995) (subpoena to Sheriff's Dept. seeking "the entire investigative file" was a fishing expedition that was not permitted under FRCP 17(c)).

Moreover, the files consist of hearsay, such as police reports detailing statements of potential witnesses made to police officers. These are not presumptively admissible materials. While some police records might be admissible under a hearsay exception, the prior statements of witnesses, whether police officers or civilians, are presumptively not admissible except for limited purposes, such as impeachment. Fed. R. Evid. 613, 803(5), 801(d) (1). As the Supreme Court noted in Nixon, the possibility that a document might be useful for impeachment is generally not sufficient to justify its pre-trial production. 418 U.S. at 701; Louis, 2005 U.S. Dist. LEXIS 1087, at *15 (material sought for impeachment purposes only not generally subject to FRCP 17(c) subpoena); U.S. v. Malizia, 154 F. Supp. 511, 513-14 (S.D.N.Y. 1957) (purported need for statement to use as impeachment insufficient to justify pre-trial subpoena under FRCP 17).

At a minimum, even if some elements of the files might be properly obtained by subpoena, a detailed review by the Court to determine the particular relevancy of individual items is required before the subpoena could be found to meet, in part, the requirements for FRCP 17(c) production. Bowman Dairy Co., 341 U.S. at 221 ("The burden is on the court to see that the subpoena is good in its entirety and it is not upon the person who faces punishment to cull the good from the bad.").

    B.  NYPD Reports are Barred From Pre-Trial Subpoena Under FRCP 16 a(2) as Reports Generated by a Federal Government Agent

FRCP 16 governs the disclosure of documents by the government to criminal defendants before trial, and should govern the Subpoena issued here. The relationship between the NYPD investigations and the instant federal prosecution, as well as the current cooperation between the two agencies requires that the documents be deemed files of the prosecution for the purposes of the Subpoena. As such, the documents are barred from discovery by FRCP 16(a) (2), or in any case should be sought from the USAO.

Where, as here, the records of local law enforcement investigations are related to the federal prosecution, they are deemed federal Government records for the purposes of the FRCP. "In a federal prosecution based in part upon the investigative efforts of local or state law enforcement agents, FRCP 16(a)(2) bars disclosure of reports generated by such agents; and it makes no difference whether the local or state agents generated their reports as part of an independent investigation or during the course of a joint federal operation." U.S. v. Cherry, 876 F. Supp. 547, 551 (S.D.N.Y. 1995); Chen De Yian, No. 94 Cr. 719 (DLC), 1995 U.S. Dist. Lexis 15317, * 2-3 (S.D.N.Y. Oct. 1995) (following Cherry with respect to Sheriff's Office investigation taken over by federal authorities); U.S. v. Beckford, 964 F. Supp. 1010, 1030 (E.D.Va. 1997) (defense subpoenas seeking documents from state law enforcement agencies officially involved in the federal investigation of the crimes on trial are impermissible, nor could ex parte process be used to seek documents as to which both parties will have pre-trial access.); U.S. v. Duncan, 586 F. Supp. 1305, 1313 (W.D. Mich. 1984) (treating local police reports as

protected from disclosure by FRCP 16(a)(2) where federal prosecution arose from arrest by Sheriff's Department); U.S. v. Johnson, Cr. No. 987-348-WF, 1988 U.S. Dist. LEXIS 3934, * 3-4 (D. Mass. April 12, 1988) (treating "police reports" as government investigative reports under FRCP 16).

The USAO, not the NYPD, is in the best position to determine whether the materials at issue should be turned over to the defendant under the FRCP and other applicable law, and to litigate that issue. At this stage of the case, the USAO has more knowledge regarding the investigation and prosecution required to assess, *inter alia*, the relevance and admissibility, whether any of the evidence is potentially "exculpatory," and what dangers would be posed to the safety of witnesses or the integrity of other investigations by disclosure of the documents.

        C.      <u>The Subpoena Seeks Documents Excluded from Subpoena by FRCP 17(h) and 18 U.S.C. § 3500(a)</u>

Many of the documents in these files contain statements by witnesses. FRCP 17(h) and 18 U.S.C. § 3500(a) specifically exclude such statements from the reach of subpoenas, at least where, as here, such statements are in the possession of the prosecution. 18 U.S.C. § 3500(a) ("no statement of report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery or inspection until said witness has testified on direct examination in the trial of the case."); FRCP 17(h) (Statements of witnesses or prospective witnesses may only be subpoenaed pursuant to FRCP 26.2 [stating that such statements may be subpoenaed only after witness has testified]); Louis, 2005 U.S. Dist LEXIS 1087 at * 15-16 (applying FRCP 17(h) and 18 U.S.C. § 3500(a) to quash pre-trial subpoena). The NYPD presumes that the witnesses are potential witnesses for the prosecution, however, as noted above, only the USAO can make that final determination. Finally, even if the USAO does not already possess these statements, the NYPD would provide them to the prosecution.

        D.      <u>Police Personnel Records Are Protected Under CRL § 50-a</u>

CRL § 50-a, makes police personnel records confidential. Absent express written consent of the officer, or a lawful court order issued <u>after</u> all interested parties are given an opportunity to be heard, police personnel records are not subject to disclosure. CRL § 50-a requires that the movant seeking production of police personnel records make a <u>clear</u> showing of facts sufficient to warrant the judge to request such records for <u>in camera</u> review. Of greater import is the requirement that the records shown to have a reasonable likelihood to exist are in fact <u>relevant</u>, <u>material</u> and <u>exculpatory</u> to the action before the Court. The proper mechanism for this type of discovery is through notice and motion.

My office does not represent Officers Thomas Dades or William Oldham named in the subpoena. Upon information and belief, the Officers are interested parties as the subject of the requested personnel records and they have not been given an opportunity to be heard.

The New York State Legislature, after a number of lower court cases dealing with the interaction of liberal discovery rules, constitutional mandates and rights of privacy, decided to enact legislation, CRL § 50-a, to address the increase in litigation surrounding the disclosure

of police personnel records. In camera inspection of personnel records necessary to determine whether there is information bearing on defendant's guilt. People v. Sumpter, 75 Misc. 2d 55 (N.Y. Sup. Ct. 1973); Mere conjecture (i.e. fishing expedition) not a basis for disclosing personnel records, evidence of "prior bad acts" is not exculpatory. People v. Fraiser, 75 Misc. 2d 756 (Nassau Co. Ct. 1973); Personnel records cannot be obtained for the purposes of broad discovery to impeach witnesses' credibility. People v. Coleman, 75 Misc. 2d 1090 (Nassau Co. Ct. 1973); Police files and records should not be disclosed except upon a clear showing of materiality. People v. Vasquez, 49 A.D.2d 590 (Kings Co. Sup. Ct. 1975); The court must balance the plaintiffs' desires against the public interest in maintaining the confidentiality of police personnel records. People v. Torres, 77 Misc. 2d 13 (N.Y.C. Crim. Ct. 1973)

CRL § 50-a states:

1. All personnel records, used to evaluate performance toward continued employment or promotion, under the control of any police agency or department of the state or any political subdivision thereof including authorities or agencies maintaining police forces of individuals defined as police officers in section 1.20 of the criminal procedure law and such personnel records under the control of a sheriff's department or a department of correction of individuals employed as correction officers and such personnel records under the control of a paid fire department or force of individuals employed as firefighters or firefighter/paramedics shall be considered confidential and not subject to inspection or review without the express written consent of such police officer, firefighter, firefighter/paramedic or correction except as may be mandated by lawful court order.

2. Prior to issuing such court order the judge must review all such requests and give interested parties the opportunity to be heard. No such order shall issue without a clear showing of facts sufficient to warrant the judge to request records for review.

3. If, after such hearing, the judge concludes there is sufficient basis he shall sign an order requiring that the personnel records in questions be sealed and sent directly to him. He shall then review the file and make a determination as to whether the records are relevant and material in the action before him. Upon such a finding the court shall make those parts of the record found to be relevant and material available to the persons so requesting.

4. The provisions of this section shall not apply to any district attorney or his assistants, the attorney general or his deputies or assistants, a county attorney or his deputies or assistants, a corporation counsel or his deputies or assistants, a town attorney or his deputies or assistants, a village attorney or his deputies or assistants, a grand jury, or any agency or government which requires the records described in subdivision one, in furtherance of the official duties. (emphasis added)

In order to obtain information contained in the confidential personnel file of a police officer, the petitioner must show some <u>factual predicate</u> that the information sought is material and relevant to the petitioner's case. <u>People v. Gissendanner</u>, 48 N.Y.2d 543 (Ct. App. 1979) at 549-50. The defendants have not met the requisite standard. In fact, the Appellate Division has held that to prove a motion "a movant <u>must</u>, nonetheless, present <u>affidavits or other competent evidence</u> in support of its factual assertions." <u>Kaiser v. J & S Realty</u>, 173 A.D.2d 920, 921 (3d Dept. 1991); <u>citing</u> <u>Matter of Shanty Hollow Corp., v. Poladian</u>, 23 A.D.2d 132, 133-34, <u>aff'd</u> 17 N.Y.2d 536 (1965) (emphasis added).

Should a moving party be able to set forth the requisite facts to warrant the court to do an in camera review, the second prong of CRL § 50-a must be satisfied before any records can be subjected to disclosure. The second prong mandates that records contained within a personnel file be <u>material and relevant</u> to the proceedings at hand. <u>Taran v. State</u>, 528 N.Y.S.2d 131 (App. Div. 2nd Dept. 1988). Personnel records sought must be of an exculpating nature and not used merely for impeachment purposes. The Court of Appeals has even gone on to hold, that "the legislative intent in enacting CRL § 50-a was to prevent release of sensitive personnel records that could be used in litigation for the purposes of harassing or embarrassing [correction] officers; records having <u>remote</u> or no potential use, fall outside the scope of the statute." <u>Prisoners' Legal Services v. Correctional Services</u>, 538 N.Y.S.2d 190, 193, (Ct. App. 1988) (emphasis added). The Court examined the legislative history of CRL § 50-a and held that its purpose was to "protect the officers from the use of records - including <u>unsubstantiated</u> and <u>irrelevant</u> complaints of misconduct - as a means of reprisals and for the purposes of cross-examinations." <u>Id</u>. at 192. The intent of CRL § 50-a was to "prevent time-consuming and perhaps vexatious investigation into <u>irrelevant collateral</u> matters in the context of a civil or criminal action." <u>Capital Newspapers v. Burns</u> 109 A.D. 2d 92 (App. Div 3rd Dept. 1985).

Personnel records cannot be used to impeach a Police Officer's general credibility, <u>Gissendanner, supra</u> at 548. Additionally, any complaints lodged against an officer which result in an "exonerated," "unfounded," or "no finding" disposition should be precluded from discovery. <u>People v. Francis</u>, 566 N.Y.S.2d 486 (Sup. Ct. Monroe Co. 1991). The court can only consider disclosing confidential data after a demonstration that they are <u>relevant material</u> and <u>exculpatory</u>.

**Conclusion**

Accordingly, the NYPD respectfully requests the Subpoena be quashed.

Respectfully submitted,

*Michael J. Cappello*

Sergeant Michael J. Cappello, Esq.
*Attorney for the New York City
Police Department*

cc:   Bruce Cutler, Esq.
      260 Madison Avenue
      New York, NY 10016

      AUSA Robert W. Henoch, Esq.
      United States Attorney's Office
      One Pierrepont Plaza
      Brooklyn, N.Y. 11201

# EXHIBIT A

# UNITED STATES DISTRICT COURT

_____EASTERN_____ DISTRICT OF _____NEW YORK_____

UNITED STATES OF AMERICA,

V.

STEPHEN CARACAPPA AND
LOUIS EPPOLITO

**SUBPOENA**
CASE NUMBER: 05 CR 192 (JBW)(S-3)

| TYPE OF CASE<br>[ ] CIVIL   [x] CRIMINAL | SUBPOENA FOR<br>[ ] PERSON [x] DOCUMENT(S) or OBJECT(S) |
|---|---|

TO: Legal Department
   New York Police Department
   1 Police Plaza
   New York, New York 10009

YOU ARE HEREBY COMMANDED to appear in the United States District Court at the place, date, and time specified below to provide documents for the above case.

| PLACE:<br>UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>225 CADMAN PLAZA EAST<br>NEW YORK, NEW YORK 11201 | COURTROOM<br>HONORABLE JACK B. WEINSTEIN<br><br>DATE AND TIME<br>Feb. 3, 2006  10:00 a.m. |
|---|---|

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*
See, addendum attached hereto.

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| U.S. MAGISTRATE OR CLERK OF COURT<br>ROBERT C HEINEMANN | DATE:<br>Jan. 26, 2006 |
|---|---|
| (BY) DEPUTY CLERK | |

This subpoena is issued upon application of the:

[ ] Plaintiff [x] Defendant [ ] U.S. Attorney

So Ordered: _____
UNITED STATES DISTRICT COURT JUDGE
1/26/06

QUESTIONS MAY BE ADDRESSED TO:
Bettina Schein, Esq.
Bruce Cutler, Esq.
260 Madison Avenue
New York, NY   10016
Tele (212) 679-6605
Fax  (212) 448-6273
ATTORNEY NAME, ADDRESS AND PHONE #

## Addendum

1. Homicide File Jacket and contents of file including but not limited to : (a) assignment sheet; (b) all DD5's; (c) NYPD Unusual Reports; (d) crime scene reports and photographs; (e) ballistic reports; (f) laboratory reports; for the following homicide investigations:

   | | |
   |---|---|
   | Nicholas Guido | Dec. 1986 |
   | Carmine Varriale | Sept. 1987 |
   | Frank Santora | Sept. 1987 |
   | John Heidel | Oct. 1987 |
   | Domenick Costa | Oct. 1988 |
   | Julius Calder | Oct. 1988 |
   | Bruno Facciola | Aug. 1990 |
   | Edward Lino | Nov. 1990 |
   | Bartolomeo Borriello | April 1991 |
   | James Hydell | Oct. 1986 |
   | James Bishop | May 1990 |
   | Anthony Casso | Sept. 1990 (attempted homicide investigation) |

2. NYPD Police Identification Cards for the year 1985 and 1986 for Steven Caracappa, Louis Eppolito, Albert Guarneri and Richard Gordon.

3. Personnel File for Thomas Dades and William Oldham