THE LAW OFFICES OF

# JOSEPH A. BONDY

JOSEPH A. BONDY

OF COUNSEL
ROBERT FOGELNEST*
HILARY SEMEL

*ADMITTED IN NY & PA

401 GREENWICH STREET
FIFTH FLOOR
NEW YORK, NY 10013
TEL 212 219 3572
FAX 212 219 8456

JOSEPH@BONDYLAW.COM
WWW.BONDYLAW.COM

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ AUG 22 2006 ★

BROOKLYN OFFICE

*[handwritten: Notify: Bail denied for the reasons already stated on the record. So ordered. JW 8/14/06]*

August 14, 2006

By ECF Filing
Hon. Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    United States v. Louis Eppolito, 05-cr-192 (JBW)

Dear Judge Weinstein:

    Mr. Eppolito is detained pending re-trial on charges that he conspired to possess and distribute one ounce of methamphetamine and to launder fourteen thousand dollars. The Court determined that no combination of conditions could ensure that Mr. Eppolito would return to stand re-trial. Mr. Eppolito respectfully moves the Court to reconsider its decision for the reasons set forth below.

    First, Mr. Eppolito's medical circumstances make it impossible for him to flee. Second, there is no evidence to suggest that Mr. Eppolito, who lived openly in Nevada for a decade, would abscond. Third, principles of estoppel should bar the prosecution from now seeking detention due to risk of flight. Fourth, Mr. Eppolito must await re-trial for what could be nearly two years in a jail environment that, because he is an ex-police officer, is likely either to result in abuse or be devoid of almost all contact, including regular telephone calling and social visits.

    Mr. Eppolito's health condition makes escape impossible. He has a history of heart problems, hypertension, hyperlipidemia and obesity (PSR ¶ 369), which require him to adhere to a strict regimen of drugs, currently including Toprol, Cozaar, Lipitor

and baby aspirin, some taken more than once daily. (PSR ¶ 368). Mr. Eppolito could not obtain the prescription medications without a doctor's instruction. Prior to his detention, Mr. Eppolito was obese, had high cholesterol, suffered a heart attack, and, in December 2004, underwent double by-pass surgery. He remains substantially overweight. Given Mr. Eppolito's medical history and current complex medication regimen, there is no way that he could successfully evade re-trial.

Mr. Eppolito would also receive medical care most effectively on house arrest. Now, he shares a small solitary cell with his co-defendant, Stephen Caracappa. He must remain inside for twenty-three hours each day, and receives only one phone call per month. Since the July 24, 2006 bail hearing, during the recent hot weather, Mr. Eppolito fainted in his cell, hitting his hip on the toilet and his head on the concrete floor. He was unconscious for several seconds. Mr. Eppolito will have to reside under these conditions for nearly two years, pending resolution of the prosecution's appeal and his re-trial.

Furthermore, as Your Honor pointed out in granting Mr. Eppolito bail pending trial, "It is highly unlikely that these defendants, at this advanced stage of their lives, present any serious threat of criminal conduct while they are released on bail. It is highly unlikely that they will have any possibility themselves, or with others with whom they might associate, to threaten possible witnesses." United States v. Louis Eppolito and Stephen Caracappa, 2005 WL 1607192 *2 (EDNY 2005). Mr. Eppolito respectfully submits that he remains no threat to anyone if released on bail.

Mr. Eppolito honored every condition of his pre-trial release. Facing substantially less serious charges, he has even less incentive to flee. Mr. Eppolito's family remains supportive. This close familial bond is yet another fact in favor of bail. As the Court has noted, "There is no reason to believe that the defendants will not appear in view of the extreme financial dangers to their families should they fail to appear as required." Id.

In denying bail, the Court found Mr. Eppolito likely to flee because he had been "publicly shamed." Yet, there is no evidence to support this conclusion. Mr. Eppolito was publicly shamed in 1994, when Anthony Casso first made his allegations and the media carried the story. Despite the fact that Mr. Eppolito was under investigation, and had been widely disgraced in the media, he did not flee. Instead, he promoted his book, lived openly in Nevada, and undertook a career as an actor/screenwriter. For over ten years, Mr. Eppolito knew of the allegations regarding his participation in murders, yet he never tried to relocate away from the grasp of law enforcement.

In the original detention proceeding, the prosecution conceded that there was no risk of flight. Principles of estoppel should bar it from now arguing that Mr. Eppolito is a risk of flight, pending a re-trial on lesser charges.

2

Mr. Eppolito remains in solitary confinement because his status as a retired police officer makes him highly prone to physical abuse in prison. This fact, however, weighs in favor of granting bail rather than detaining the presumptively innocent Mr. Eppolito under unusually punitive conditions for an indeterminate length of time. Ironically, in United States v. Koon, 518 U.S. 81, 112 (1996), the Supreme Court ratified the district court's downward departure at the sentencing of two policemen who had infamously assaulted Rodney King because they were highly susceptible to abuse in prison. In Koon, the district court had determined that, "the extraordinary notoriety and national media coverage of this case, coupled with the defendants' status as police officers, make Koon and Powell unusually susceptible to prison abuse." Id. In this case, the logic of Koon, which endorsed a shortened sentence for individuals who were publicly shamed and thus rendered pariah in their communities, substantially undercuts the Court's decision denying bail on the ground of shaming.

Mr. Eppolito, like defendants Koon and Powell, was disgraced prominently in the national media. Even though not guilty of RICO allegations and presumed innocent of the charges pending against him, Mr. Eppolito is prone to social rejection and either abuse or isolation in prison. These factors, just as for the convicted Koon and Powell, favor lenity—here, in the form of release on bail

For all of these reasons, Mr. Eppolito respectfully requests that the Court reconsider granting bail pending re-trial.

Thank you for consideration of this application.

Respectfully submitted,

Joseph A. Bondy

Cc: AUSAs Robert Henoch,
Mitra Hormozi and
Daniel Wenner

3