FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ March 11 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT |
| – against – | 05-CR-192 |
| LOUIS EPPOLITO and STEPHEN CARACAPPA, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**Jack B. Weinstein, Senior United States District Judge:**

For many years, these two defendants, while members of the New York City Police Force, were employed by the mafia to murder, to reveal FBI and police files to criminals, to conduct surveillances as directed by mafia bosses, and to undertake other duties on behalf of mobsters. They were paid substantial retainers, with added amounts for the commission of specific criminal acts, including murders, collecting large sums of money over many years.

Sentences are now imposed pursuant to the United States Sentencing Guidelines, relevant case law, and applicable statutes. *See* 18 U.S.C. § 3553(a); *United States v. Eppolito*, 543 F.3d 25 (2d Cir. 2008), *cert. denied*, 129 S.Ct. 1027 (2009).

The critical elements of the applicable statute in this case are general deterrence to discourage similar acts by others, and just punishment. *See* 18 U.S.C. § 3553(a)(2)(A)-(B). On June 5, 2006, the "nature and circumstances of the offense and the history and characteristics of the defendant" pursuant to 18 U.S.C. § 3553(a)(1) were described as follows by the court:

> It is hard to visualize any more heinous offenses. . . . A heavy sentence is required to promote respect for the law, to provide just

1



> punishment for the offenses . . . and to deter like conduct by any person who might be in the position of these defendants. It is necessary to deter their own criminal conduct as revealed by the circumstances of the events as late as 2005 and 2006 [when, as the Court of Appeals has now found, they continued to conspire to commit crimes with criminal mobsters].
>
> It is necessary under the statute to protect the public from further crimes of these defendants. A non-incarceratory sentence would not be appropriate.

Hr'g Tr. 40-41, June 5, 2006.

In addition to committing cruel murders and engaging in a dangerous racketeering conspiracy in violation of section 1962(d) of Title 18 of the United States Code ("RICO"), these two defendants have committed what amounts to treason against the people of the City of New York and their fellow police officers.

They are sentenced to the maximum sentence of imprisonment and to the maximum fine for each crime of which they have been convicted, imposed consecutively.

* * *

For defendant Louis Eppolito, a criminal history category one and total offense level of 52 were found. The guideline term of imprisonment is life.

The following sentence is imposed on defendant Eppolito:

For count one, RICO conspiracy, the defendant is sentenced to life imprisonment. *See* 18 U.S.C. § 1963(a). A fine of $250,000 is imposed. *See* 18 U.S.C. § 3571(b)(3).

For count two, money laundering, the defendant is sentenced to twenty years imprisonment. *See* 18 U.S.C. § 1956(a)(1)(B). A fine of $500,000 is imposed. *See id.*

For count three, the narcotics conspiracy, the defendant is sentenced to forty years imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). A fine of $2,000,000 is imposed. *See id.*

For count four, narcotics distribution, the defendant is sentenced to forty years imprisonment. *See id.* A fine of $2,000,000 is imposed. *See id.*

All sentences of incarceration are to be served consecutively. All fines are consecutive, and are payable forthwith, with interest. A special assessment of $400 for the four counts is ordered, payable forthwith. In view of the large sums defendant received illegally and the likely assets of the defendant, there is no reason to reduce or defer the fines and special assessment.

Supervised release is imposed as follows: five years for count one; three years for count two; four years for count three; and four years for count four. *See* 18 U.S.C. § 3583(b); 21 U.S.C. § 841(b)(1)(B). The terms of supervised release, as provided by statute, shall be served concurrently. *See* 18 U.S.C. § 3624(e).

The total sentence for defendant Eppolito is as follows: life, plus one hundred years, imprisonment; fines of $4,750,000; a special assessment of $400; and five years supervised release.

* * *

For defendant Stephen Caracappa, a criminal history category one and total offense level of 52 were found. The guideline term of imprisonment is life.

The following sentence is imposed on defendant Caracappa:

For count one, RICO conspiracy, the defendant is sentenced to life imprisonment. *See* 18 U.S.C. § 1963(a). A fine of $250,000 is imposed. *See* 18 U.S.C. § 3571(b)(3).

For count three, the narcotics conspiracy, the defendant is sentenced to forty years imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). A fine of $2,000,000 is imposed. *See id.*

3

For count four, narcotics distribution, the defendant is sentenced to forty years imprisonment. *See id.* A fine of $2,000,000 is imposed. *See id.*

All sentences of incarceration are to be served consecutively. All fines are consecutive, and are payable forthwith, with interest. A special assessment of $300 for the three counts is ordered, payable forthwith. In view of the large sums defendant received illegally and the likely assets of the defendant, there is no reason to reduce or defer the fines and special assessment.

Supervised release is imposed as follows: five years for count one; four years for count three; and four years for count four. *See* 18 U.S.C. § 3583(b); 21 U.S.C. § 841(b)(1)(B). The terms of supervised release, as provided by statute, shall be served concurrently. *See* 18 U.S.C. § 3624(e).

The total sentence for defendant Caracappa is as follows: life, plus eighty years, imprisonment; fines of $4,250,000; a special assessment of $300; and five years supervised release.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: March 6, 2009
Brooklyn, New York

4